UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
**term #9**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0066 PSG (OPx) | Date | March 23, 2010 |
|---|---|---|---|
| Title | Teresita Barbaza v. IndyMac Bank, FSB *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:** **(In Chambers) Remand Order**

On January 14, 2010, Defendant MTC Financial Inc. dba Trustee Corps, erroneously sued as Trustee Corps, an Unknown Business Entity, and MTC Financial, Inc. an Unknown Business Entity ("Defendant"), removed this action to this Court. The Notice of Removal stated that this Court had subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331. *See Notice of Removal* 2:13-15. However, the Complaint asserts only state law causes of action and does not seek relief under any federal statute. On February 9, 2010, the Court issued an Order to Show Cause re: Remand ("OSC") because it did not appear that Plaintiff Teresita Barbaza's ("Plaintiff") claims arose under federal law. On February 25, 2010, Defendants filed a timely response, which "respectfully request[ed] the Court [to] look at paragraph 73 of the Complaint." *Response* 2:4. Paragraph 73 of the Complaint describes the grounds for Plaintiff's negligent misrepresentation claim and alleges:

> Plaintiff is informed and believes and thereon alleges that Defendants also failed to comply with the requirements of RESPA [the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617], as a result of negligent misrepresentation, in that Defendants failed to disclose lender information to Plaintiffs.

*Compl.* ¶ 73. Defendant, however, has failed to establish that Plaintiff's claim arises under federal law. Plaintiff does not seek any remedy under RESPA, and RESPA does not completely preempt state law. *See Palacios v. IndyMac Bank, FSB*, No. 09-4601, 2009 WL 3838274, at *4 (C.D. Cal. Nov. 13, 2009) (Morrow, J.) ("RESPA has a savings clause similar to that found in TILA. . . . [T]he weight of authority appears to support the proposition that 'neither RESPA nor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
**term #9**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-0066 PSG (OPx) | Date | March 23, 2010 |
|---|---|---|---|
| Title | Teresita Barbaza v. IndyMac Bank, FSB *et al.* | | |

TILA completely preempts state law claims.'" (citation omitted)). Although Plaintiff references RESPA in paragraph 73, Defendant fails to demonstrate that "a particular claim of plaintiff's can *only* be resolved by interpreting federal law." *Id.* (emphasis added). Accordingly, the Court finds Defendant's response to the Court's OSC to be insufficient in establishing this Court's subject matter jurisdiction over this action. Accordingly, the Court REMANDS the case.

**IT IS SO ORDERED.**